## COLONIAL WOOLEN COMPANY v. TRENTON WATER POWER COMPANY.

Submitted December 9, 1905—Decided June 11, 1906.

A grant by a landowner to a water power company of a right to discharge the waste water from its canal through a tailrace, a part of which is located upon his premises, and to enter upon the premises for the purpose of deepening and widening the tailrace so that it will carry off such waters, affords no justification for the flooding by the water power company with its waste water of the buildings of the grantor which have been erected upon the premises.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justices HENDRICKSON and PITNEY.

For the plaintiff, *John A. Montgomery.*

For the defendant, *James Buchanan.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration sets out that the plaintiff is the owner of certain lands in the city of Trenton, upon which it has erected mills wherein it carries on the business of manufacturing woolen goods, and that its property adjoins the canal and raceway of the defendant. The pleading then avers that the defendant wrongfully, &c., dug and excavated a ditch or trench from its canal across certain lots adjoining the plaintiff's premises, and through those premises, by means whereof it conveyed and caused to flow from its canal, through this ditch, upon and over the plaintiff's premises, large quantities of water in such abundance as to run into the buildings of the plaintiff and prevent it from carrying on its business.

The plea demurred to sets up that the lands now owned by

the plaintiff belonged, on August 22d, 1845, to George and Benjamin Coates; that at that time there was in existence an open tailrace leading from the canal or raceway of the defendant, a part of which passed through the plaintiff's lands, and that on the day mentioned George and Benjamin Coates, together with one Peter Cooper, of the second part, and the defendant, of the third part, made a certain indenture, by the terms of which the two Coates agreed that the defendant should, at all times forever thereafter, have the right and privilege to waste and discharge water from its canal and raceway into and through this tailrace, and for that purpose might excavate, widen, deepen, and otherwise improve said tailrace so that it should be sufficient to waste and discharge said water. The plea then avers that, by virtue of this indenture, the defendant afterwards, and on the day set out in the declaration, dug out and excavated the said tailrace, from its intersection with their canal, across lands adjoining the plaintiff's premises and through the plaintiff's premises, and by means thereof conveyed and caused to flow from their canal, through the tailrace, the quantities of water in the declaration mentioned, doing no unnecessary damage to the plaintiff on the occasion, and that these are the supposed grievances whereof the plaintiff complains in its declaration.

So far as the plea discloses, the agreement which it sets up as a defence to this suit was not acted upon by any of the parties to it, or those standing in their rights, from the day of its date until the time of the doing of the act the legality of which the plaintiff now challenges. Assuming, however, that, notwithstanding such non-action, the agreement is still in force and binding upon the plaintiff, it affords no justification for the defendant's act. The right granted by it to the defendant is to discharge the waste water from its canal into the tailrace and to enter upon the plaintiff's lands for the purpose of so widening and deepening the tailrace that it will carry off those waters. The injury of which the plaintiff complains is not only the excavation of the soil upon its property, but the turning by the defendant of waters from its

canal upon the plaintiff's premises in such abundance as to flood the buildings of the plaintiff and prevent it from carrying on its business therein. There is nothing in the agreement which justifies such an act by the defendant.

The plaintiff is entitled to judgment on the demurrer.